1

2

3

4

5        UNITED STATES DISTRICT COURT

6       EASTERN DISTRICT OF WASHINGTON

7  UNITED STATES OF AMERICA,          No. 4:16-CR-6023-RMP-1

8              Plaintiff,             ORDER DENYING DEFENDANT'S
                                      MOTION TO MODIFY
9        vs.                         CONDITIONS OF RELEASE

10  JERRY WILLIAM LINDSEY JR.,        **ECF No. 25**

11            Defendant.

12        On June 24, 2016, Defendant appeared, in person, with Assistant Federal

13  Defender Jeremy Sporn for a hearing on Defendant's Motion to Modify Conditions

14  of Release (ECF No. 25).   Assistant United States Attorney Laurel Holland

15  represented the United States.

16        The Court considered Defendant's Motion to Modify Conditions of Release

17  (ECF No. 25), the United States' Response (ECF No. 27), Defendant's Reply (ECF

18  No. 28), and a Declaration by Assistant Federal Defender Jeremy Sporn and attached

19  Exhibit A (ECF No. 29).   The Court **DENIES** Defendants' Motion to Modify

20  Conditions of Release (**ECF No. 25**).

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF
RELEASE - 1

On May 9, 2016, this Court released Defendant after a contested detention hearing on a set of conditions, including that he "shall not have contact with any person under the age of 18 without the permission of the Pretrial Services Office." ECF No. 19 at 7 (Condition 17). Since May 19, 2016, the Pretrial Services Office has denied him telephonic contact with his 12-year old daughter and the 9-year old daughter of his girlfriend. ECF No. 25. Defendant moves the Court to modify Condition 17 to permit him telephonic contact with his 12-year old daughter and the 9-year old daughter of his girlfriend. *Id.*

Under the Bail Reform Act, any release conditions a court sets must be reasonably calculated to fulfill the valid interests the state seeks to protect by offering bail. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987)). One valid interest which the Bail Reform Act permits courts to consider is "the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Here, Defendant challenges the restriction on contacting his daughter and girlfriend's stepdaughter, alleging that under *United States v. Wolf Child*, 699 F.3d 1082, 1088 (9th Cir. 2012), he has a liberty interest in contact with his daughter and that the court has not imposed the least restrictive measure necessary to protect the public. ECF No. 25 at 2-4. According to Defendant, in the context of supervised release, the Court in *Wolf Child* required that a court must "point to specific evidence in the record showing that the condition was

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE - 2

necessary to further the protection of the public, and involved no great deprivation of liberty than was reasonably necessary." ECF No. 25 at 4. Assuming, without deciding, that *Wolf Child* applies to pretrial detention, the findings set forth below establish Condition 17 is necessary to protect the public and involves no greater restriction than is necessary.

Defendant is charged with attempting to entice a minor. ECF No. 1. The United States alleges Defendant engaged in sexually explicit conversations over the internet, email, and text message with a person he believed to be a 13-year old girl. ECF No. 27 at 4. Defendant allegedly communicated with this person he believed to be 13-years old in a very sexually graphic way. The United States proffered that Defendant used his cell phone to send nude photographs, including his erect penis to the girl he believed to be 13-years old. *Id.* He allegedly sent text messages asking the child to "guess how big it is," inquired whether the child could handle the size of his penis, and asked what holes the child believed she could fit his penis in. *Id.* Defendant was arrested at a proposed meet location, the address of which he had provided to an undercover law enforcement officer posing as the 13-year old girl. *Id.*

Defendant's alleged conduct, the substance and content of the alleged communications, and the method by which he is alleged to have communicated are all relevant to the condition imposed. The allegations are that Defendant

communicated with a girl he believed to be around the same age as his daughter to arrange a sexual encounter.  The substance of the messages speaks to the potential danger to the community.  And the medium of communication is important because Defendant allegedly used a telephone to entice the minor, which is similar to the contact he hopes to have with his daughter and the daughter of his girlfriend.

Moreover, Defendant's daughter previously alleged he abused her when she was around the same age as his girlfriend's daughter.  ECF No. 27 at 5.  While those are only allegations, there is currently an open investigation by Child Protective Services (CPS) into additional allegations that Defendant's daughter was abused while she resided with him (it appears as though the current suspect is a third party). *Id.*  According to the supervising Pretrial Services Officer, both the daughter's mother, with whom the daughter resides, and the CPS investigator overseeing the current sex abuse allegations, request that Defendant not be able to contact his daughter.

While Defendant claims the telephonic contact is necessary to exert a calming influence on his daughter, Defendant admits his daughter has been troubled for quite some time, even before his contact was prohibited.

To ameliorate the Court's concern regarding the content of any calls, the Defendant proposes the telephonic contact be monitored.  But Defendant failed to identify a suitable person willing and able to monitor such calls.

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE - 4

Given the facts and circumstances involved in this particular case, the Court finds that the condition as written and as imposed is necessary and the least restrictive measure to protect any person or the public.

**ACCORDINGLY, IT IS ORDERED:**

1.      Defendant's Motion to Modify Conditions of Release (**ECF No. 25**) is **DENIED**.

2.      Defendant's pretrial release will continue to be governed by the previously imposed Conditions of Release (ECF No. 19).

DATED June 24, 2016.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE - 5