UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY WILLIAM LINDSEY, JR.,<br><br>Defendant. | NO: 4:16-CR-6023-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND FOR A NEW TRIAL |

BEFORE THE COURT is Defendant's Motion to Vacate Judgment and for a New Trial, ECF No. 97.  On March 28, 2017, the Court heard oral argument on the motion.  John G. Metro appeared on behalf of Defendant, who was present and in custody.  Assistant United States Attorney Laurel J. Holland appeared on behalf of the Government.  The Court has reviewed the motion, the record, considered oral arguments, and is fully informed.

The Court may grant Defendant a new trial, pursuant to FED. R. CRIM. P. 33(a), "if the interest of justice so requires."  Defendant's motion summarizes facts regarding his trial as he details the storm conditions that were outside of the

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND FOR A NEW TRIAL ~ 1

1  courthouse during trial, that a juror asked a question about an additional jury
2  instruction, and the fact that the jury deliberated for less than forty minutes.  *See*
3  ECF No. 97.

4        Defendant's summary omits facts and misrepresents the record.  Defendant
5  raises the fact that an additional jury instruction was added after the Government
6  noticed omissions as the Court was reading the final jury instructions.  However,
7  Defendant neglects to mention that the Court provided defense counsel
8  opportunities to object to the Government's edits but defense counsel conceded
9  that the late changes were necessary and did not raise objections to the
10 Government's proposed additions.  Contrary to defense counsel's factual summary,
11 a juror did not ask "[d]oesn't that change everything?"  Instead, a juror asked about
12 the inconsistent use of "and" and "or" in the jury instructions, a point the Court had
13 raised previously, but the parties had stated their desire to leave the instructions as
14 they were given to the jury.

15       Defendant relies on the Sixth Amendment to the United States Constitution,
16 two cases from the Seventh Circuit to support an "absolute right" to poll the jury,
17 and FED. R. CRIM. P. 33, but fails to state how any of this law is applicable to the
18 facts of this case.

19       Defendant's motion is primarily based on three arguments.  First, Defendant
20 argues that the jury rushed through deliberations to avoid driving home through
21 stormy weather.  ECF No. 97 at 4.  He argues that

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT
AND FOR A NEW TRIAL ~ 2

> [o]ne of the juror's expressed confusion over the addition of Jury Instruction 2(a). Yet, that confusion did not seem to concern the jury at all. They were able to render a verdict in less than forty minutes. The juries [sic] concern for its own safety and convenience appears to have been put in front of Mr. Lindsay's 6th [A]mendment rights [sic] to a fair trial.

*Id*. Defendant fails to provide any basis to question the jury's adherence to the Court's instructions to consider all of the evidence in this case. The Sixth Amendment to the U.S. Constitution requires that a defendant be provided a fair trial; it does not require that trials only be conducted during pleasant weather, nor does it require that jurors take a certain amount of time to deliberate. Considering the supporting evidence of Defendant's guilt in this matter, forty minutes apparently was sufficient time for the jury to consider the evidence and to arrive at a verdict consistent with the evidence.

Defendant's second argument challenges the validity of the verdict form as Defendant argues that

> [t]here does not appear to be a signature, not even a printed name of anyone on the jury on the verdict form. (ECF No. 93)[.] Common sense and the general rules of contract demand that a signature be affixed to a verdict form. The failure to attach a valid signature would render the verdict form inoperative.

ECF No. 97 at 5. As the Government noted in its brief, a valid signature is on the verdict form and defense counsel was viewing the redacted version that was filed on the public docket. Defense counsel withdrew this argument at the hearing.

Defendant's final argument states:

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND FOR A NEW TRIAL ~ 3

> To compound the problem the jury was polled but the polling was done by a show of hands rather than by a polling of each jury member individually. Consequently, there was no assent given individually by the 12th juror. The polling of a jury is a substantive right. *See United States of America v. Marinari* 32 F.3d 1209[] (7th Circuit 1994)[.] Here, the polling was done in a manner which did not satisfy the defendant's substantive right.

ECF No. 97 at 5.

> Pursuant to FED. R. CRIM. P. 31(d):
>
> After a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually. If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury.

Defendant did not request that the jury be polled. The Court, without any prompting by the parties, asked the jurors "[i]s this your individual verdict, by a show of hands?" and all twelve jurors raised their hands. The Court then asked: "[i]s this the verdict of all twelve jurors? Again, if your answer is 'yes,' then please raise your hands." All twelve jurors raised their hands in response to the second question as well. Defendant did not object to this procedure and never asked that the jury be polled. The Court did more than was required given the lack of a request from the parties.

Based on the foregoing, the Court finds there is no basis to grant a new trial to further the "interest of justice." Defendant was afforded a fair trial and was properly convicted by a jury.

ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND FOR A NEW TRIAL ~ 4

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate Judgment and for a New Trial, **ECF No. 97**, is **DENIED**.

**DATED** March 28, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge